[Cite as *State v. Nolde*, 2016-Ohio-636.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY


STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  4-15-23

      v.

THOMAS W. NOLDE,                        **O P I N I O N**

      DEFENDANT-APPELLANT.


Appeal from Defiance County Common Pleas Court
Trial Court No. 00-CR-07916

Judgment Affirmed

Date of Decision:  February 22, 2016


APPEARANCES:

    *Thomas W. Nolde,* Appellant

    *Russel R. Herman* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Thomas Nolde, appeals the judgment of the Court of Common Pleas of Defiance County denying his pro-se "Motion to Modify Sentence Pursuant to Ohio Revised Code 2941.25." On appeal, Nolde argues that the trial court erred in failing to hold a resentencing hearing and consider whether his convictions were allied offenses. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On December 7, 2000, the Defiance County Grand Jury returned a 20-count indictment against Nolde charging him with three counts of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree; 16 counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree; and one count of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a felony of the fifth degree. The charges arose after multiple children reported being sexually abused by Nolde.

{¶3} On February 2, 2001, Nolde plead guilty to two counts of rape and five counts of gross sexual imposition and was sentenced to 25 years in prison. Nolde did not appeal.

{¶4} On January 29, 2015, over a decade after his conviction and sentence, Nolde filed a "Motion to Modify Sentence Pursuant to Ohio Revised Code 2941.25" arguing that his convictions were allied offenses under the Ohio

Supreme Court's recent finding in *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶5} On November 12, 2015, the trial court dismissed Nolde's motion finding that it was an untimely petition for post-conviction relief. The trial court further noted that the petition was barred by res judicata and without merit.

{¶6} It is from this judgment that Nolde appeals, presenting the following assignment of error for our review.

*Assignment of Error*

**THE TRIAL COURT ERRED WHEN IT DID NOT HOLD A HEARING UNDER R.C. 2941.25 TO CONDUCT A MERGER ANALYSIS AFTER THE RULING IN *STATE V. JOHNSON*.**

*Assignment of Error*

{¶7} In his sole assignment of error, Nolde argues that the trial court erred in dismissing his motion to modify his sentence because it was required to hold a resentencing hearing and consider whether his convictions were allied offenses under *Johnson*. We disagree.

{¶8} R.C. 2953.21 governs petitions for post-conviction relief and permits a criminal defendant "who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to challenge his sentence. R.C. 2953.21(A)(1)(a). "[W]here a criminal defendant, subsequent to his or her direct

-3-

Case No. 4-15-23

appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St. 3d 158, 160 (1997).

{¶9} A petition for post-conviction relief is subject to strict filing requirements. Prior to March 2015, R.C. 2953.21(A)(2) required a petition for post-conviction relief be filed

> no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.[1]

{¶10} A trial court is without jurisdiction to entertain an untimely petition for post-conviction relief unless the petitioner demonstrates that one of the exceptions in R.C. 2953.23(A) applies. R.C. 2953.23(A)(1)(a) allows a trial court to consider an untimely petition in the following situations: (1) where a petitioner shows that he was unavoidably prevented from discovering the facts upon which he relies to present his claims for relief; or (2) where a petitioner shows that the United States Supreme Court has recognized a new federal or state right, after the time period set forth in former R.C. 2953.21(A)(2) expired, that applies

---

[1] On March 26, 2015, HB 663 took effect and extended the time for filing a petition for post-conviction relief to (1) 365 days from the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction or (2) 365 days after the expiration of the time for filing the notice of appeal, if no direct appeal is taken. R.C. 2953.21(A)(2).

retroactively to the petitioner and that is the basis of the petitioner's claim for relief. R.C. 2953.23(A)(1)(a). In either case, the petitioner must also show by clear and convincing evidence that but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense for which he was convicted. R.C. 2953.23(A)(2) allows a trial court to consider an untimely petition in certain cases involving DNA testing.

{¶11} Here, Nolde's petition for post-conviction relief is clearly untimely, as it was filed well over a decade after the expiration of the time for filing a direct appeal. Because Nolde failed to argue and establish the applicability of any of the exceptions in R.C. 2953.23(A), the trial court lacked jurisdiction to entertain his untimely petition and did not err in dismissing it.

{¶12} Accordingly, we overrule Nolde's sole assignment of error.

{¶13} Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**