[Cite as *State v. Cunningham*, 2016-Ohio-3106.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY**

**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**                    **CASE NO. 1-15-61**

    **v.**

**JERONIQUE CUNNINGHAM,**            **O P I N I O N**

    **DEFENDANT-APPELLANT.**

**Appeal from Allen County Common Pleas Court
Trial Court No. CR-2002-0010**

**Judgment Affirmed**

**Date of Decision:   May 23, 2016**

**APPEARANCES:**

    *Michael J. Benza* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Jeronique Cunningham ("Cunningham"), appeals the September 9, 2015 judgment entry of the Allen County Court of Common Pleas (1) overruling Cunningham's petition for postconviction relief, motion for leave to file a delayed motion for a new trial, and motion for funds to employ an investigator and (2) granting the State's motion to dismiss Cunningham's postconviction petition and delayed motion for a new trial. For the reasons that follow, we affirm.

{¶2} The Supreme Court of Ohio and this court have recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *State v. Cunningham*, 105 Ohio St.3d 197, 2004-Ohio-7007, ¶ 1-19; *State v. Cunningham*, 3d Dist. Allen No. 1-04-19, 2004-Ohio-5892, ¶ 1-9.

{¶3} Relevant to this appeal, after this court affirmed the trial court's denial of Cunningham's August 1, 2003 petition for postconviction relief, and after the Supreme Court of Ohio affirmed Cunningham's convictions and sentences, including the sentence of death, Cunningham filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. *See Cunningham v. Hudson*, N.D.Ohio No. 3:06 CV 0167, 2010 WL 5092705, *11 (Dec. 7, 2010). The district court denied his petition for a writ of habeas corpus. *See id.* at *78.

**{¶4}** On appeal from that decision,

the [United States Court of Appeals for the] Sixth Circuit issued a per curiam opinion addressing one of Cunningham's claims of juror bias. That claim is based on evidence Cunningham acquired during his habeas action that the jury foreperson in his trial had a relationship with the families of the murder victims and that this relationship impacted her impartiality. The court concluded that this claim is unexhausted but not procedurally defaulted, because Cunningham still may raise it in a motion for a new trial or a second petition for post-conviction relief in the Ohio state courts.

*Cunningham v. Hudson*, N.D.Ohio No. 3:06 CV 0167, 2014 WL 5341703, *1 (Oct. 20, 2014), citing *Cunningham v. Hudson*, 756 F.3d 477, 479 (6th Cir.2014). The Sixth Circuit vacated the district court's judgment denying Cunningham's petition for a writ of habeas corpus and remanded the petition to the district court "to determine whether it is appropriate to stay-and-abey the petition while Cunningham returns to state court to exhaust this claim." *Cunningham*, 756 F.3d at 479.

**{¶5}** On remand to the district court, the court, on October 20, 2014, "grant[ed] Cunningham's request to stay this matter and hold it in abeyance pending exhaustion of his juror-bias claim in state court." *Cunningham*, 2014 WL

5341703, at *3. The district court further ordered that "Cunningham present a post-conviction petition and/or motion for new trial to the state trial court within sixty (60) days of the issuance of this Opinion & Order." *Id.*

{¶6} On December 18, 2014, Cunningham filed in the trial court a second petition for postconviction relief, a motion for leave to file a delayed motion for a new trial, and a motion for funds to employ an investigator. (Doc. Nos. 409, 412, 411). Cunningham's December 18, 2014 petition for postconviction relief contained one claim: "The presence of a biased juror deprived Cunningham of a fair trial." (Doc. No. 409 at 8). Specifically, he alleged that Juror Number 21, Nichole Mikesell ("Mikesell"), "told the jurors that the jury had to return a death sentence because she worked with the victims' families" through her employment at Allen County Children Services. (*Id.*). In support, he relied on a private investigator's July 16, 2003 affidavit and undated report, the October 29, 2009 depositions of two jurors, Stacie Freeman ("Freeman") and Roberta Wobler ("Wobler"), the November 9, 2008 deposition of Freeman, the October 26, 2008 deposition of Wobler, and the January 22, 2009 deposition of Mikesell. (*Id.* at 8-9). Cunningham's motion for leave to file a delayed motion for a new trial was similarly based on the purportedly new revelations regarding Mikesell. (*See* Doc. No. 412).

{¶7} On March 13, 2015, the State filed a combined (1) motion to dismiss Cunningham's petition for postconviction relief and motion for leave to file a delayed motion for a new trial[1] and (2) response to Cunningham's petition for postconviction relief, motion for leave to file a delayed motion for a new trial, and motion for funds to employ an investigator. (Doc. No. 418). On April 20, 2015, Cunningham filed a "response to State's motion to dismiss Cunningham's petition" for postconviction relief, a "response to opposition to motion for leave to file a delayed motion for new trial," and a "response to opposition to motion for funds to employ investigator." (Doc. Nos. 423, 420, 422).

{¶8} On September 9, 2015, the trial court filed its judgment entry (1) overruling Cunningham's petition for postconviction relief, motion for leave to file a delayed motion for a new trial, and motion for funds to employ an investigator and (2) granting the State's motion to dismiss Cunningham's postconviction petition and delayed motion for a new trial. (Doc. No. 434).

{¶9} Cunningham filed a notice of appeal on October 5, 2015. (Doc. No. 436). He raises three assignments of error for our review.

---

[1] Despite the caption of this document, stating that the State was requesting dismissal of Cunningham's motion for leave to file a delayed motion for a new trial, the State's argument in this document reflects that it was requesting that Cunningham's motion for leave to file a delayed motion for a new trial be both "summarily dismiss[ed] * * * without a hearing" and "overruled without a hearing." (Doc. No. 418 at 24, 30).

**Assignment of Error I**

**The trial court erred in dismissing Cunningham's post-conviction petition as a second or successor petition.**

{¶10} In his first assignment of error, Cunningham argues that, notwithstanding his August 1, 2003 petition for postconviction relief, the trial court should have treated his December 18, 2014 petition as a timely filed, first petition for postconviction relief. He also argues that, even if his December 18, 2014 petition is an untimely, second petition, he satisfied the conditions of R.C. 2953.23. Finally, Cunningham makes several constitutional challenges to Ohio's postconviction-relief statutes.

{¶11} R.C. 2953.21 governs petitions for postconviction relief and permits a criminal defendant "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to "file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." *See State v. Nolde*, 3d Dist. Defiance No. 4-15-23, 2016-Ohio-636, ¶ 8, citing R.C. 2953.21(A)(1)(a).

{¶12} A petition for postconviction relief is subject to strict timeliness requirements. *See id.* at ¶ 9. At the time Cunningham filed his December 18,

Case No. 1-15-61

2014 petition for postconviction relief,[2] R.C. 2953.21(A)(2) required that a petition for postconviction relief

> be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court.

*See id.*

{¶13} "A trial court lacks jurisdiction to entertain an untimely or successive petition for postconviction relief unless the petitioner establishes that one of the exceptions in R.C. 2953.23(A) applies." *State v. Chavis*, 10th Dist. Franklin No. 15AP-557, 2015-Ohio-5549, ¶ 14, citing *State v. Campbell*, 10th Dist. Franklin No. 12AP-109, 2012-Ohio-5195, ¶ 9. Under R.C. 2953.23(A)(1),

> a court may entertain an untimely or successive petition for postconviction relief only if the petitioner demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief; or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to

---

[2] Effective March 23, 2015, R.C. 2953.21(A)(2) "was amended by 2014 Sub.H.B. No. 663, which extended the timeframe for defendants to file their motions for postconviction relief from 180 days to 365 days." *State v. Worthington*, 12th Dist. Brown No. CA2014-12-022, 2015-Ohio-3173, ¶ 43, fn. 4. Although not dispositive to this appeal, Cunningham's December 18, 2014 petition for postconviction relief is governed by the version of R.C. 2953.21 in effect on that date. *Id.*

> persons in the petitioner's situation and the petitioner asserts a claim
> based on that right.

*State v. Lawson*, 12th Dist. Clermont No. CA2013-12-093, 2014-Ohio-3554, ¶ 16, citing R.C. 2953.23(A)(1)(a) and *State v. Kent*, 12th Dist. Preble No. CA2013-05-003, 2013-Ohio-5090, ¶ 12. If the petitioner is able to satisfy one of these threshold conditions, he must then demonstrate by clear and convincing evidence that, but for the constitutional error at trial or the sentencing hearing, no reasonable fact-finder would have found him guilty of the offenses or found him eligible for a death sentence. *Id.*, citing R.C. 2953.23(A)(1)(b) and *State v. Hibbard*, 12th Dist. Butler No. CA2013-03-051, 2014-Ohio-442, ¶ 22.

{¶14} Cunningham argues that "although this petition is technically second in time to Cunningham's first petition for post-conviction relief, it cannot be construed as a 'second or successive' petition pursuant to O.R.C. § 2953.23." (Appellant's Brief at 4). Cunningham argues that, "[b]ecause Ohio's post-conviction process in Cunningham's case failed to provide an adequate corrective process for review of his Constitutional and statutory claims, the Court must treat this petition as a timely, initial post-conviction petition." (*Id.* at 7).

{¶15} Cunningham's arguments are erroneous for a host of reasons. Cunningham fails to realize that a petitioner must establish one of the exceptions in R.C. 2953.23(A) if the petitioner files a second or successive petition *or* if the

petitioner files an untimely first petition. *See* R.C. 2953.23(A). In this case, even assuming Cunningham's December 18, 2014 petition was a first petition, he filed it more than a decade—easily over 180 days—since the date on which the trial transcript was filed in the Supreme Court of Ohio in Cunningham's direct appeal. *See Cunningham*, 105 Ohio St.3d 197, 2004-Ohio-7007.

**{¶16}** We reject Cunningham's argument that we should bypass the requirements of R.C. 2953.23 and consider his petition because Ohio's postconviction process somehow failed him. "[T]he only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature." *State v. Palmer*, 2d Dist. Montgomery No. 26279, 2014-Ohio-5266, ¶ 10, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994) and *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). In rejecting a similar argument made by a postconviction petition, the Ninth District Court of Appeals explained:

> This Court is not the proper forum for [the petitioner's] policy argument. The Ohio General Assembly enacted a postconviction relief statute with clear language and directives. It could have, but did not, make an allowance for the situation [the petitioner] describes. It is not this Court's place to rewrite the statute to allow him to proceed with a successive petition. *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, ¶ 30. Where the

language of a statute is clear, this Court cannot interpret it, but must apply it as written. *Id.*

*State v. Hartman*, 9th Dist. Summit No. 25055, 2010-Ohio-5734, ¶ 9.

**{¶17}** Finally, Cunningham's reliance on *State v. Lott* in support of his argument is misplaced. 97 Ohio St.3d 303, 2002-Ohio-6625. That case, unlike this one, involved "a new federal right," and the Supreme Court of Ohio nevertheless applied R.C. 2953.23. *See id.* at ¶ 17. As the Ninth District observed in *Hartman*, "[t]he Court [in *Lott*] did not * * * establish a new category of successive petitions that must be treated as first petitions." *Hartman* at ¶ 10. In sum, we are unpersuaded by Cunningham's arguments and conclude that his December 18, 2014 petition for postconviction relief was his second petition for postconviction relief and therefore subject to R.C. 2953.23(A). *See id.* at ¶ 11.

**{¶18}** "'Whether to entertain a second or successive petition for postconviction relief lies within the sound discretion of the trial court, and that ruling will not be disturbed on appeal absent a clear showing of abuse of discretion.'" *State v. Keith*, 176 Ohio App.3d 260, 2008-Ohio-741, ¶ 22 (3d Dist.), quoting *State v. Hayden*, 2d Dist. Montgomery No. 21764, 2007-Ohio-5572, ¶ 12, citing *State v. Perdue*, 2 Ohio App.3d 285, 286 (10th Dist.1981). An abuse of discretion suggests that the trial court's decision is unreasonable,

arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶19}** As the trial court pointed out, Cunningham "does not assert that a new federal or state right provides him with the claim he presents in the subject petition." (Doc. No. 434 at 9). Accordingly, Cunningham was first required to show, under R.C. 2953.23(A)(1)(a), that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief." A defendant is "unavoidably prevented" from the discovery of facts if he had no knowledge of the existence of those facts and could not have, in the exercise of reasonable diligence, learned of their existence within the time specified for filing his petition for postconviction relief. *State v. Holnapy*, 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, ¶ 32, citing *State v. Sansom*, 2d Dist. Champaign No. 2009 CA 38, 2010-Ohio-1918, ¶ 9; *State v. Ruark*, 10th Dist. Franklin No. 15AP-142, 2015-Ohio-3206, ¶ 11, citing *State v. Turner*, 10th Dist. Franklin No. 06AP-876, 2007-Ohio-1468, ¶ 11, citing *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. "And the 'facts' contemplated by R.C. 2953.23(A)(1)(a) are the historical facts of the case, which occurred up to and including the time of conviction." *Ruark* at ¶ 11, citing *Turner* at ¶ 11.

**{¶20}** Cunningham argues, "Even if the Court considers this petition to be a second petition, it is clear that because of the ineffectiveness of former post-

conviction counsel, the active obstruction of discovery by the State, and this [trial] Court's denial of discovery and fact development that Cunningham was unavoidably prevented from discovering the factual basis of this claim." (Appellant's Brief at 8). Despite Cunningham's arguments, the trial court concluded that Cunningham "cannot successfully argue that he was unavoidably prevented from discovering the factual basis of his claim." (Doc. No. 434 at 10). Because Cunningham's arguments do not satisfy the "unavoidably prevented" standard of the R.C. 2953.23(A)(1)(a) exception, we hold that the trial court did not abuse its discretion in reaching its conclusion.

{¶21} In his first petition for postconviction relief—filed on August 1, 2003—Cunningham alleged juror misconduct on the part of Mikesell. (Doc. No. 385). *See Cunningham*, 2004-Ohio-5892, at ¶ 60. In support of his claim, Cunningham relied on the affidavit and report of a privately hired investigator, who interviewed Mikesell, Freeman, and Wobler. (Doc. No. 386, Ex. D). Accordingly, Mikesell was available and interviewed by a privately hired investigator some time prior to the private investigator's July 16, 2003 affidavit— which authenticated his undated report and was within the time specified for filing Cunningham's petition for postconviction relief. (*Id.*). *See State v. Crawford*, 5th Dist. Richland No. 09-CA-16, 2009-Ohio-5176, ¶ 22; *State v. Leyman*, 9th Dist. Medina No. 14CA0037-M, 2016-Ohio-59, ¶ 12; State v. Schrock, 11th Dist. Lake

No. 2007-L-191, 2008-Ohio-3745, ¶ 22. Freeman and Wobler were likewise available and interviewed by the privately hired investigator within the time specified for filing Cunningham's petition for postconviction relief. (Doc. No. 386, Ex. D). *See Leyman* at ¶ 12. In addition, although Cunningham asserts that a new factual basis exists demonstrating juror bias on the part of Mikesell, the fact remains that in his first petition for postconviction relief, Cunningham alleged that Mikesell committed "juror misconduct," that she was prejudiced against Cunningham, and that her presence on the jury "may have also contaminated the remainder of the jury"—the same arguments that Cunningham presents in his second petition for postconviction relief.[3] (Doc. No. 385). *See Schrock* at ¶ 22.

{¶22} All of these circumstances belie Cunningham's arguments that the "ineffectiveness of former post-conviction counsel" and the inability to conduct discovery unavoidably prevented him from discovering the factual basis of his second petition for postconviction relief. Moreover, "[t]he fact that appellant raises claims of ineffective assistance of counsel suggests that the bases for his claims could have been uncovered if 'reasonable diligence' had been exercised."

---

[3] As an additional ground for disposing of Cunningham's December 18, 2014 petition for postconviction relief and motion for leave to file a motion for a new trial, the trial court concluded that res judicata barred Cunningham's claim of juror bias because his "argument in his first petition was nearly identical to the Petition and Motion he now brings before the Court; the only difference is the added affidavits and depositions of various jurors * * *." (Doc. No. 434 at 14). In view of our conclusions in this opinion that the trial court did not abuse its discretion in dismissing Cunningham's December 18, 2014 petition for postconviction relief and in denying his motion for leave to file a motion for a new trial, we need not decide whether Cunningham's juror-misconduct claim is barred by res judicata. *See State v. Wheeler*, 2d Dist. Montgomery No. 24427, 2011-Ohio-5565, ¶ 25.

*State v. Creech*, 4th Dist. Scioto No. 12CA3500, 2013-Ohio-3791, ¶ 18. For these reasons, we conclude that the trial court did not abuse its discretion in concluding that Cunningham did not satisfy the "unavoidably prevented" standard of the R.C. 2953.23(A)(1) exception.[4] On that basis alone, the trial court was without jurisdiction to entertain Cunningham's December 18, 2014 petition for postconviction relief. *See State v. Kilbarger*, 2d Dist. Montgomery No. 26284, 2015-Ohio-2177, ¶ 9. Therefore, we need not address the applicability of R.C. 2953.23(A)(1)(b). *Ruark*, 2015-Ohio-3206, at ¶ 13; *State v. Pianowski*, 2d Dist. Montgomery No. 25369, 2013-Ohio-2764, ¶ 22.

{¶23} Even were we to consider Cunningham's arguments that he satisfied R.C. 2953.23(A)(1)(b), we would conclude that he has not shown that, but for any purported constitutional error at trial, no reasonable fact-finder would have found him guilty of the offenses or found him eligible for a death sentence. Cunningham simply argues "that a biased juror is a structural defect that does not require a showing of harm" and that, because "[i]t is presumptive that a biased juror tainted the outcome of the trial," "Cunningham satisfies the standards set forth in O.R.C.

---

[4] Cunningham argues, "There is a split among the Ohio courts of appeals on whether juror bias issues satisfy O.R.C. § 2953.23." (Appellant's Brief at 3). Concerning this issue, the Sixth Circuit stated, "We have identified only two cases addressing whether a juror-misconduct claim satisfied the statutory requirements of § 2953.23(A), and these cases provide divergent approaches to the second statutory requirement." *Cunningham*, 756 F.3d at 484. We need not and do not address any split of authority concerning whether a juror-misconduct claim could satisfy the requirements of R.C. 2953.23(A). Rather, even assuming that a juror-misconduct claim could satisfy the requirements of R.C. 2953.23(A), we conclude that the trial court did not abuse its discretion in concluding that Cunningham failed to make the necessary showings under R.C. 2953.23.

§ 2953.23(A)." (Appellant's Brief at 8). Cunningham cites no authority to support these propositions. It is as though Cunningham believes that his assertion of juror bias as a constitutional violation trumps the need under R.C. 2953.23(A)(1)(b) to demonstrate by clear and convincing evidence that, "*but for* the constitutional error*" at trial or the sentencing hearing, no reasonable fact-finder would have found him guilty of the offenses or found him eligible for a death sentence. (Emphasis added.) R.C. 2953.23(A)(1)(b).

{¶24} Cunningham's suggestion that he is exempt from satisfying the entirety of R.C. 2953.23(A)(1)(b) contradicts the plain language of the statute and is erroneous. To the extent Cunningham argues that a showing of "structural error" alleviates the need for him to satisfy the entirety of R.C. 2953.23(A)(1)(b), Cunningham is incorrect. "[S]tructural errors are *constitutional* defects" not subject to harmless-error analysis. (Emphasis added.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 17. However, postconviction proceedings are purely statutory, not constitutional. *State v. Broom*, ___ Ohio St.3d ___, 2016-Ohio-1028, ¶ 28, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). Accordingly, a postconviction petitioner has no more rights than those specifically enumerated in the postconviction-relief statutes. *Id.*, citing *Calhoun* at 281. In other words, Cunningham cannot offer a constitutional structural-error argument as a way of alleviating himself of compliance with the statute. For these reasons, were we to

consider the issue, Cunningham has failed to satisfy his burden under R.C. 2953.23(A)(1)(b).

**{¶25}** Finally, Cunningham makes several arguments challenging the constitutionality of Ohio's postconviction statutes, namely R.C. 2953.21 and 2953.23. "Failure to raise the constitutionality of a statute at the trial court level waives the issue for appellate purposes." *State v. Bates*, 10th Dist. Franklin No. 07AP-753, 2008-Ohio-1422, ¶ 16, citing *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. Because Cunningham failed to raise these issues in the trial court, we decline to address them. *Id. See also State v. Combs*, 62 Ohio St.3d 278, 290-291 (1991).

**{¶26}** For the reasons above, the trial court did not abuse its discretion in dismissing Cunningham's December 18, 2014 petition for postconviction relief.[5] Cunningham's first assignment of error is overruled.

### Assignment of Error II

**The trial court abused its discretion by denying Cunningham's [sic] leave to file a delayed motion for a new trial.**

**{¶27}** In his second assignment of error, Cunningham argues that the trial court abused its discretion:

---

[5] The trial court's judgment entry indicates that it both overruled and dismissed Cunningham's petition for postconviction relief. (*See* Doc. No. 434). Given our disposition of this assignment of error, this distinction is immaterial.

(1)   [by] ruling that Cunningham was not unavoidably prevent [sic] from discovering the new evidence within the time limit provided in Crim.R. 33(B); (2) by adopting a single-step procedure to establish both that Cunningham was not unavoidably prevented from filling [sic] a motion for a new trial, and that he did not have sufficient basis for a new trial; (3) by requiring that the evidence Cunningham submitted in support of his motion for a new trial needed to be admissible at trial; and (4) by ruling that the evidence Cunningham submitted in support of his delayed motion for a new trial constituted all the evidence in support of a new trial motion.

(Appellant's Brief at 15).

{¶28} Motions for a new trial are governed by Crim.R. 33. *State v. Keith*, 192 Ohio App.3d 231, 2011-Ohio-407, ¶ 37 (3d Dist.). Relevant to this case, Crim.R. 33(A) provides: "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: * * * (2) Misconduct of the jury * * *." *See State v. Depinet*, 3d Dist. Seneca No. 13-12-32, 2013-Ohio-1850, ¶ 22. Crim.R. 33(B) sets forth timing requirements for new trial motions and provides:

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which

-17-

the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

*See Keith* at ¶ 38. "Accordingly, a party may not seek a new trial on the basis of newly discovered evidence after the 120-day time limit unless he can demonstrate that he was unavoidably prevented from discovering the new evidence within the time limit." *Id.* at ¶ 39. "'A party is "unavoidably prevented" from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence.'" *Id.*, quoting *State v. Lee*, 10th Dist. Franklin No. 05AP-229, 2005-Ohio-6374, ¶ 8.

{¶29} "In order to be able to file a motion for a new trial based on newly discovered evidence beyond the 120 days prescribed in the above rule, a petitioner must first file a motion for leave, showing by '"clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion."'" *Id.* at ¶ 40, quoting *State v. Graham*, 3d Dist. Hancock No. 5-05-13, 2006-Ohio-352, ¶

-18-

10, quoting *State v. Neace*, 3d Dist. Mercer No. 10-99-07, 2000 WL 228921, *4 (Mar. 1, 2000). "The standard of clear and convincing evidence used in Crim.R. 33(B) means 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶30} Motions for a new trial are addressed to the sound discretion of the trial court. *State v. Moore*, 3d Dist. Allen No. 1-08-27, 2008-Ohio-6751, ¶ 12. "Thus, a trial court's decision to deny such a motion will not be disturbed on appeal absent an abuse of discretion." *Id.*, citing *State v. Ray*, 3d Dist. Union No. 14-05-39, 2006-Ohio-5640, ¶ 53, citing *State v. Farley*, 10th Dist. Franklin No. 03AP-555, 2004-Ohio-1781, ¶ 6-7.

{¶31} Cunningham argues that "[i]t was not until 2009 that it was discovered that Nichole Mikesell had a preexisting relationship with the victims' families" and that he "could not have known about this fact within the time limit provided in Crim. R. 33(B)." (Appellant's Brief at 16). Cunningham further argues that he learned of Mikesell's supposed relationship with the victims' families only after a federal court allowed him to conduct discovery in January

2009 and that the private investigator's July 16, 2003 affidavit and report "did not provide any information relating to juror Mikesell's relationship with the victims' families." (*Id.* at 16-17). In denying Cunningham's motion for leave to file a Crim.R. 33 motion for a new trial, the trial court concluded that Cunningham "has not shown that he was unavoidably prevented from filing his motion for a new trial and thus has not met the Rule 33 requirements to be granted a new trial." (Doc. No. 434 at 14). In reaching that conclusion, the trial court noted, "[I]t is clear that [Cunningham] had notice of the underlying factual basis for his claim long before he was granted discovery by the United States District Court, as it was included in [the private investigator's] 2003 Affidavit and was raised during [Cunningham]'s first post-conviction petition." (*Id.* at 13).

{¶32} We hold that the trial court did not abuse its discretion in concluding that Cunningham was not unavoidably prevented within the 120-day time limit from discovering the purported new evidence of juror misconduct. The record reflects that the jury rendered its verdict on June 20, 2002. (June 20, 2002 Tr. at 154-155). Accordingly, the 120-day time limit for filing a Crim.R. 33 motion expired on October 18, 2002. *See* Crim.R. 33(B). As we discussed above, the private investigator—on whose affidavit and undated report Cunningham relied in his August 1, 2003 postconviction petition and his December 18, 2014 postconviction petition—interviewed jurors Mikesell, Freeman, and Wobler

sometime after trial but before executing his July 16, 2003 affidavit. As we discussed above, these facts belie Cunningham's argument that he was unable to discover the purported new evidence of juror misconduct until he was granted the opportunity to conduct discovery in federal court. *See State v. Jackson*, 3d Dist. Union No. 14-04-11, 2004-Ohio-5103, ¶ 8-9. The purported new evidence of juror misconduct was not undiscoverable simply because, as Cunningham argues, he did not discover it sooner. *See id.* at ¶ 10, quoting *State v. Williams*, 12th Dist. Butler No. CA2003-01-001, 2003-Ohio-5873, ¶ 21 ("However, the phrases 'unavoidably prevented' and 'clear and convincing proof' do not allow one to claim that evidence was undiscoverable simply because affidavits were not obtained sooner.").

**{¶33}** To be granted leave to file a motion for a new trial, Cunningham was required to offer clear and convincing proof that he was "unavoidably prevented from the discovery of the evidence upon which he must rely." Crim.R. 33(B). Because Cunningham did not offer that clear and convincing proof, we conclude the trial court did not abuse its discretion in denying his motion for leave to file a motion for a new trial.[6] *See Jackson* at ¶ 12. We need not and do not address Cunningham's other arguments under his second assignment of error.

**{¶34}** Cunningham's second assignment of error is overruled.

---

[6] The trial court's judgment entry indicates that it both overruled and dismissed Cunningham's motion for leave to file a delayed motion for a new trial. (*See* Doc. No. 434). Given our disposition of this assignment of error, this distinction is immaterial.

**Assignment of Error III**

**The trial court erred in denying Cunningham an investigator to assist in the litigation.**

{¶35} In his third assignment of error, Cunningham argues, "Because Cunningham was appointed private counsel without a staff of investigators, experts, and other staff, the failure of the trial court to provide those resources denied him Equal Protection of law." (Appellant's Brief at 24). Therefore, he argues, the trial court violated his "rights under the Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments as well as Article I, Sections 1, 9, 10, 16, and 20 of the Ohio Constitution." (*Id.*). Cunningham is incorrect.

{¶36} "The right to file a postconviction petition is a statutory right, not a constitutional right." *Broom*, ___ Ohio St.3d ___, 2016-Ohio-1028, at ¶ 28, citing *Calhoun*, 86 Ohio St.3d at 281. Thus, the postconviction-relief statutes grant a petitioner only those rights specifically enumerated in them and no more. *Id.*, citing *Calhoun* at 281. *See also State v. Osie*, 12th Dist. Butler No. CA2014-10-222, 2015-Ohio-3406, ¶ 39, citing *Calhoun* at 281. Under, R.C. 2953.21(I), an indigent person sentenced to death who "intends to file a petition under [R.C. 2953.21]" is entitled to appointed counsel. *See State v. Monroe*, 10th Dist. Franklin No. 04AP-658, 2005-Ohio-5242, ¶ 15. "[T]he mandatory appointment of counsel applies only to a petitioner who files a petition under [R.C.] 2953.21." *State v. Conway*, 10th Dist. Franklin No. 12AP-412, 2013-Ohio-3741, ¶ 72. "In

other words, appointment of counsel is required only in the case of a timely-filed first petition for post-conviction relief." *Id.*

**{¶37}** While an indigent defendant sentenced to death has a statutory right under R.C. 2953.21 to appointed counsel to pursue a timely filed, first postconviction petition, the statute "does not provide for appointment of experts or investigators." *Monroe* at ¶ 15. Ohio appellate courts have concluded that there is no constitutional right to appointment of an expert or an investigator even where the statute provides for appointed counsel in a postconviction proceeding. *Id.*, citing *State v. Smith*, 9th Dist. Lorain No. CA 98CA007169, 2000 WL 277912, *3 (Mar. 15, 2000) and *State v. Trummer*, 7th Dist. Columbiana No. 96 CO 97, 1998 WL 896457, *3 (Dec. 16, 1998). *See also State v. Coleman*, 2d Dist. Clark No. 2001-CA-42, 2002-Ohio-5377, ¶ 109 (noting that there is "no constitutional or statutory right to funding of an expert in aid of a post-conviction petition"), citing *State v. Hooks*, 2d Dist. Montgomery No. CA 16978, 1998 WL 754574 (Oct. 30, 1998). Nor does a criminal defendant have a constitutional right to appointment of an expert or investigator based on his or her filing a Crim.R. 33 motion for a new trial. *See State v. Noling*, 11th Dist. Portage No. 2007-P-0034, 2008-Ohio-2394, ¶ 93-98.

**{¶38}** In this case, while Cunningham, as an indigent defendant who received a death sentence, had a statutory right to appointed counsel to pursue a

-23-

timely filed, first postconviction petition, he did not have a constitutional *or* statutory right to the counsel that the trial court appointed for him in pursuing his second postconviction petition. *See Conway* at ¶ 72. Moreover, even assuming Cunningham was entitled to the appointment of counsel in pursuing his second postconviction petition, he had no constitutional right to an investigator. *See Monroe* at ¶ 15. Therefore, the trial court did not err in denying his motion for funds to employ an investigator.

{¶39} Cunningham's third assignment of error is overruled.

{¶40} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and ROGERS, J., concur.**

**/jlr**