**[Cite as *State v. Brewer*, 2012-Ohio-5406.]**

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                :

      Plaintiff-Appellee                :        C.A. CASE NO. 24910

vs.                                                    :        T.C. CASE NOS. 2003 CR 1750

                                               2006 CR 3678

WILLIAM BREWER                          :

      Defendant-Appellant            :        (Criminal appeal from
                                             Common Pleas Court)

. . . . . . . . .

# O P I N I O N

Rendered on the   21st   day of    November   , 2012.

. . . . . . . . .

MICHELE D. PHIPPS, Assistant Prosecuting Attorney, Atty. Reg. No. 0069829, 301
W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

WILLIAM BREWER, #A548-073, London Correctional Institution, P.O. Box 69,
London, Ohio 43140
      Defendant-Appellant

. . . . . . . . .

HENDON, J. (by assignment):

**{¶ 1}** Petitioner-Appellant William C. Brewer presents on appeal four
"assignments of error" that, when reduced to their essence, challenge the Montgomery County

Common Pleas Court's judgment denying Brewer's postconviction petition. We overrule the assignments of error and affirm the court's judgment.

{¶ 2} In 2003, in Case No. 2003-CR-01750, Brewer was convicted upon a no-contest plea to attempted kidnapping and sentenced to community control. He took no appeal from that conviction.

{¶ 3} In 2007, in Case No. 2006-CR-03678, he was convicted in a bench trial of aggravated burglary, abduction, and having weapons under a disability. And he was convicted of violating the community-control sanction imposed in Case No. 2003-CR-01750. He unsuccessfully challenged his 2007 convictions in direct appeals to this court and to the Ohio Supreme Court, *State v. Brewer*, 2d Dist. Montgomery Nos. 22159 and 22160, 2008-Ohio-2715, *appeal not accepted*, 120 Ohio St.3d 1505, 2009-Ohio-361, 900 N.E.2d 622, and in three uncaptioned postconviction documents, filed in 2008 and 2009.

{¶ 4} Between June 15 and July 18, 2011, Brewer mailed to the common pleas court, and the court filed with the clerk of courts, seven documents that were, like his 2008 and 2009 documents, uncaptioned and noncompliant with either the criminal or local rules of procedure. The court addressed these documents collectively and as a petition for postconviction relief under R.C. 2953.21 et seq. The court denied the petition on the alternative grounds that Brewer failed to satisfy the jurisdictional requirements of R.C. 2953.21 et seq., and that his claims were barred under the doctrine of res judicata. This appeal followed.

*Claims were reviewable under R.C. 2953.21 et seq.*

**{¶ 5}** In his uncaptioned documents, Brewer claimed that his 2003 indictment had been defective, that he had been denied a speedy trial in 2003, that his 2007 convictions were contrary to the manifest weight of the evidence, and that his trial counsel had been ineffective concerning his 2003 indictment, his speedy-trial rights, and his 2007 community-control violation. He did not designate the statute or rule under which he sought relief.

**{¶ 6}** R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, permit a collateral attack upon a judgment of conviction by one "who claims that there was such a denial or infringement of his rights [in the proceedings resulting in his conviction] as to render [his conviction] void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a). The postconviction statutes provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, Brewer's documents were reviewable under the standards provided by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

*Postconviction relief was properly denied*

**{¶ 7}** R.C. 2953.21(A)(2) prescribes the time for filing a postconviction petition, providing in relevant part as follows:

> [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

R.C. 2953.23 closely circumscribes a court's jurisdiction to entertain a late postconviction petition. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2). R.C. 2953.23(A)(1)(a). And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b).

{¶ 8} Brewer's 2011 postconviction claims were directed against both his 2003 conviction, from which he took no direct appeal, and his 2007 convictions, which were affirmed in his direct appeal to this court in 2008. Thus, Brewer's claims were filed well after the expiration of the time prescribed by R.C. 2953.21(A)(2). And the record does not demonstrate either that Brewer was unavoidably prevented from discovering the facts underlying his claims, or that his claims were predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the time for filing the petition had expired. Because Brewer satisfied neither the time strictures of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23(A), the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Brewer's postconviction claims on their merits.

*Convictions were not void.*

{¶ 9} A trial court retains jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But we

rejected Brewer's weight-of-the-evidence challenge in his direct appeal from his 2007 judgment of conviction. *Brewer*, 2d Dist. Montgomery Nos. 22159 and 22160, 2008-Ohio-2715, at ¶ 10-22. And his speedy-trial and defective-indictment claims, along with his challenges to trial counsel's effectiveness concerning these matters, were forfeitable. *See State v. Goldwire*, 2d Dist. Montgomery No. 20838, 2005-Ohio-5784, ¶ 21-22 (holding that defendant "waived" his postconviction speedy-trial and ineffective-counsel challenges by not raising them at trial or in his direct appeal); *State v. Lowery*, 2d Dist. Montgomery No. 24198, 2011-Ohio-2827, ¶ 17 (citing *State v. Wozniak*, 172 Ohio St. 517, 522-523, 178 N.E.2d 800 (1961), and *Midling v. Perrini*, 14 Ohio St.2d 106, 107, 236 N.E.2d 557 (1968), to hold that an allegedly defective indictment could not be challenged in a late postconviction petition because the alleged defects did not deprive the trial court of subject-matter jurisdiction). Therefore, the claims, even if demonstrated, would not have rendered Brewer's convictions void.

*We affirm.*

{¶ 10}   Because the common pleas court had no jurisdiction to entertain Brewer's postconviction claims, his petition was subject to dismissal. *See* R.C. 2953.21(C) and 2953.23(A). Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the petition. And we affirm the judgment as modified.

. . . . . . . . . .

FAIN, J., and FROELICH, J., concur.

(Hon. Sylvia Sieve Hendon, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio)

Copies mailed to:

Michele D. Phipps, Esq.
William Brewer
Hon. Mary Lynn Wiseman