[Cite as *State v. Griffin*, **2016-Ohio-782**.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150258 |
| | | C-150005 |
| Plaintiff-Appellee, | : | TRIAL NO. B-0409962 |
| vs. | : | |
| | | *O P I N I O N.* |
| CHARLES GRIFFIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed as Modified and Cause Remanded in
        C-150258; Appeal Dismissed in C-150005

Date of Judgment Entry on Appeal: March 2, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Charles Griffin*, pro se.

Please note: we have removed this case from the accelerated calendar.

Per Curiam.

{¶1}   Defendant-appellant Charles Griffin has taken these appeals from his convictions for murder and having weapons under a disability and the overruling of his postconviction motion for resentencing.  We dismiss for lack of jurisdiction his appeal from his convictions and affirm, as modified, the overruling of his postconviction motion.  But we remand for resentencing in conformity with the statutory mandates concerning postrelease control.

{¶2}   Griffin was convicted in 2005 upon jury verdicts finding him guilty of murder and having weapons under a disability.  In his direct appeal, we affirmed his convictions.  *State v. Griffin*, 1st Dist. Hamilton No. C-050074 (Dec. 14, 2005).

{¶3}   Ten years later, Griffin again challenged his convictions.  In December 2014, in the appeal numbered C-150005, he filed a second notice of appeal from his 2005 convictions.  And in February 2015, he filed with the common pleas court a motion seeking resentencing on the grounds that the trial court, at sentencing, had failed to notify him that he could be ordered to perform community service in lieu of paying court costs and had provided inadequate and inaccurate notification concerning postrelease control.  The common pleas court overruled the motion, and Griffin, in the appeal numbered C-150258, appealed.

### *Appeal No. C-150005*

{¶4}   App.R. 4(A)(1) requires that a notice of appeal be filed within 30 days of the entry of the judgment or order appealed.  An appeals court has no jurisdiction to entertain an appeal that was not timely filed.  *State ex rel. Curran v. Brookes*, 142 Ohio St. 107, 50 N.E.2d 995 (1943), paragraph seven of the syllabus.  The appeal numbered C-150005, filed in December 2014, is taken from Griffin's 2005 judgment

of conviction. Because it was filed well after the 30 days required by App.R. 4(A)(1), we dismiss the appeal for lack of jurisdiction.

### Appeal No. C-150258

{¶5} In the appeal numbered C-150258, Griffin appeals from the overruling of his motion for resentencing. On appeal, he advances two assignments of error challenging the denial of resentencing on each of the two grounds presented in his motion.

{¶6} *The common pleas court had no jurisdiction under the postconviction statutes.* In his motion, Griffin contended that his judgment of conviction was void because the trial court had not provided at sentencing either community-service-in-lieu-of-costs notification or proper postrelease-control notification. Griffin did not designate in his motion a statute or rule under which the relief sought might be granted. R.C. 2953.21 et seq., governing the proceedings on a petition for postconviction relief, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, Griffin's motion was reviewable under the standards provided by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶7} But Griffin filed his motion well after the time prescribed by R.C. 2953.21(A)(2) had expired. R.C. 2953.23 closely circumscribes a common pleas court's jurisdiction to entertain a late or successive postconviction claim. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his claim depends, or that his claim is predicated upon a new, retrospectively applicable federal or state right recognized by the United States

Supreme Court since the time for filing his claim had expired. R.C. 2953.23(A)(1)(a). And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

{¶8} The record does not, as it could not, demonstrate that but for the alleged sentencing errors, "no reasonable factfinder would have found [Griffin] guilty of the offense[s] of which [he] was convicted." *See* R.C. 2953.23(A)(1). Because he satisfied neither the time strictures of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23(A), the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain his postconviction claims on their merits.

{¶9} ***The common pleas court had jurisdiction to correct postrelease control.*** A court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. Griffin's postconviction challenge to the lack of community-service-in-lieu-of-costs notification was not reviewable by the common pleas court under the jurisdiction to correct a void judgment, because the failure to provide that notification did not render his sentences void. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 11.

{¶10} But Griffin's sentences are void to the extent that the trial court failed to properly impose postrelease control. The postrelease-control statutes in effect in 2005, when Griffin was sentenced, provided that a prison sentence imposed for a felony that is classified by degrees must "include a requirement that the offender be subject to a period of post-release control." And the statutes required that the

offender be notified, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation. *See* former R.C. 2929.14(F), 2929.19(B)(3)(c) through (e), and 2967.28(B) and (C) (superseded in 2011 by R.C. 2929.14(D), 2929.19(B)(2)(c) through (e), and 2967.28(B) and (C)); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. *Accord State v. Smith*, 1st Dist. Hamilton No. C-120163, 2012-Ohio-5965, ¶ 10-11. To the extent that a sentence is not imposed in conformity with the statutory mandates concerning postrelease control, it is void, and the void portion of the sentence is subject to review and correction at any time. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 26-27.

{¶11} The trial court notified Griffin at sentencing that, upon his release, he would be subject to a mandatory period of postrelease control of five years. But the postrelease-control statutes authorized a mandatory five-year period of postrelease control only for a first-degree felony or a felony sex offense. *See* former R.C. 2929.19(B)(3)(c) and 2967.28(B)(1) (superseded by R.C. 2929.19(B)(2)(c) and 2967.28(B)(1)). The statutes did not authorize postrelease control for a special felony like murder. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; *accord State v. Baker*, 1st Dist. Hamilton No. C-050791, 2006-Ohio-4902, ¶ 4-6. And for the third-degree felony of having weapons under a disability, the

statutes authorized only a discretionary three-year period of postrelease control. *See* former R.C. 2929.19(B)(3)(d) and 2967.28(C) (superseded by R.C. 2929.19(B)(2)(d) and 2967.28(C)). Moreover, the trial court failed to incorporate postrelease-control notification in the judgment of conviction.

{¶12} To the extent that Griffin's sentences were not imposed in conformity with the postrelease-control statutes, they are void. And the common pleas court had jurisdiction to review and correct the offending portions of the sentences. *State v. Long*, 1st Dist. Hamilton No. C-100285, 2010-Ohio-6115.

{¶13} *We affirm the judgment as modified, but remand for correction of postrelease control.* Because the postconviction statutes did not confer on the common pleas court jurisdiction to entertain Griffin's postconviction claims on their merits, the motion was subject to dismissal. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motion. And we affirm the judgment as modified.

{¶14} But Griffin's sentences are void to the extent that postrelease control was not properly imposed. We, therefore, remand this cause for correction of the offending portions of his sentences, in accordance with the law and this opinion.

Judgment accordingly.

**FISCHER, P.J., HENDON** and **CUNNINGHAM, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.