[Cite as *State v. McDougald*, 2016-Ohio-5080.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 16CA3736 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| JERONE MCDOUGALD, | : | **RELEASED:  7/15/2016** |
| Defendant-Appellant. | : | |

APPEARANCES:

Jerone McDougald, Lucasville, OH, pro se appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay S. Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, OH, for appellee.

Harsha, J.

{¶1}   Jerone McDougald appeals the judgment denying his fifth petition for postconviction relief and his motion for leave to file a motion for new trial.  McDougald contends that the court erred in denying his petition, which raised claims of ineffective assistance of his trial counsel. He additionally argues that the court erred in denying his motion for leave to file a motion for new trial, but did not assign any errors regarding this decision.

{¶2}   We reject McDougald's claims.  He failed to demonstrate the requirements necessary for the trial court to address the merits of his untimely claims in his fifth petition for postconviction relief.  Moreover, res judicata barred this successive petition because he could have raised these claims on direct appeal or in one of his earlier postconviction petitions.  Finally, because he failed to assign any error regarding the trial court's denial of his motion for leave to file a motion for new trial, we need not address his arguments regarding that decision.

{¶3} Therefore, we affirm the judgment of the trial court denying his petition and motion.

## I. FACTS[1]

{¶4} Authorities searched a premises in Portsmouth and found crack cocaine, money, digital scales, and a pistol. They arrested the two occupants of the residence, McDougald and Kendra White, at the scene. Subsequently, the Scioto County Grand Jury returned an indictment charging McDougald with drug possession, drug trafficking, possession of criminal tools, and the possession of a firearm while under disability. McDougald pleaded not guilty to all charges.

{¶5} At the jury trial Kendra White testified that McDougald used her home to sell crack cocaine and that she sold drugs on his behalf as well. She also testified that the digital scales belonged to McDougald and, although the pistol belonged to her ex-boyfriend, Benny Simpson (who was then incarcerated), McDougald asked her to bring it inside the home so that he would feel more secure. White explained that Simpson previously used the pistol to shoot at her, but threw it somewhere in the backyard when he left. Simpson then allegedly called White from jail and instructed her to retrieve the pistol. White complied and then hid it "under the tool shed" until McDougald instructed her to retrieve it and bring it inside the house. White confirmed that she saw McDougald at the premises with the gun on his person.

{¶6} Jesse Dixon and Melinda Elrod both testified that they purchased crack cocaine from McDougald at the residence. Shawna Lattimore testified that she served

---

[1] Except where otherwise noted, these facts are taken from our opinion in *State v. McDougald*, 4th Dist. Scioto Nos. 14CA3649 and 15CA3679, 2015-Ohio-5590, appeal not accepted for review, *State v. McDougald*, 144 Ohio St.3d 147, 2016-Ohio-467, 845 N.E.3d 245.

as a "middleman" for McDougald's drug operation and also helped him transport drugs from Dayton.  She testified that she also saw McDougald carry the pistol.

{¶7}    The jury returned guilty verdicts on all counts.  The trial court sentenced McDougald to serve five years on the possession count, nine years for trafficking, one year for the possession of criminal tools, and five years for the possession of a firearm while under disability.  The court ordered the sentences to be served consecutively for a total of twenty years imprisonment.  The sentences were included in a judgment entry filed April 30, 2007, as well as a nunc pro tunc judgment entry filed May 16, 2007.

{¶8}    In McDougald's direct appeal, where he was represented by different counsel than his trial attorney, we affirmed his convictions and sentence.  *State v. McDougald*, 4th Dist. Scioto No. 07CA3157, 2008-Ohio-1398.  We rejected McDougald's contention that because the only evidence to link him to the crimes was "the testimony of admitted drug addicts and felons," the verdicts were against the manifest weight of the evidence:

> * * * appellant's trial counsel skillfully cross-examined the prosecution's witnesses as to their statuses as drug addicts and convicted felons. Counsel also drew attention to the fact that some of the witnesses may actually benefit from the testimony that they gave.  That evidence notwithstanding, the jury obviously chose to believe the prosecution's version of the events.  Because the jury was in a better position to view those witnesses and determine witness credibility, we will not second-guess them on these issues.

*Id.* at ¶ 8, 10.

{¶9}    In January 2009, McDougald filed his first petition for postconviction relief. He claimed that he was denied his Sixth Amendment right to confrontation when the trial court admitted a drug laboratory analysis report into evidence over his objection.

The trial court denied the petition, and we affirmed the trial court's judgment. *State v. McDougald*, 4th Dist. Scioto No. 09CA3278, 2009-Ohio-4417.

**{¶10}** In October 2009, McDougald filed his second petition for postconviction relief. He again claimed that he was denied his Sixth Amendment right of confrontation when the trial court admitted the drug laboratory analysis report. The trial court denied the petition, and McDougald did not appeal the judgment.

**{¶11}** In July 2014, McDougald filed his third petition for postconviction relief. He claimed that: (1) the trial court lacked jurisdiction to convict and sentence him because the original complaint filed in the Portsmouth Municipal Court was based on false statements sworn to by the officers; (2) the prosecuting attorney knowingly used and relied on false and perjured testimony in procuring the convictions against him; and (3) the state denied him his right to due process by withholding exculpatory evidence, i.e., a drug task force report. McDougald attached the report, the municipal court complaints, a portion of the trial transcript testimony of Kendra White, his request for discovery, and the state's answer to his request for discovery to his petition. The trial court denied the petition because it was untimely and did not fall within an exception justifying its late filing. McDougald appealed from the trial court's judgment denying his third petition for postconviction relief.

**{¶12}** In December 2014, McDougald filed his fourth petition for postconviction relief. He claimed that his sentence is void because the trial court never properly entered a final order in his criminal case. The trial court denied the petition. McDougald appealed from the trial court's judgment denying his fourth petition for postconviction relief.

{¶13} We consolidated the appeals and affirmed the judgments of the trial court denying his third and fourth petitions for postconviction relief. *McDougald*, 2015-Ohio-5590. We held that McDougald failed to establish the requirements necessary for the trial court to address the merits of his untimely claims and that res judicata barred the claims because he either raised them on direct appeal or could have raised them on direct appeal or in one of his previous petitions for postconviction relief. *Id.*

{¶14} In November 2015, over eight and one-half years after he was sentenced, McDougald filed his fifth petition for postconviction relief. He argued that his trial counsel had provided ineffective assistance by failing to conduct an independent investigation of various matters, failing to use preliminary hearing testimony of the arresting officer to impeach the state's case, failing to emphasize Kendra White's prior statements to the police to impeach her testimony, failing to object to the arresting officer's testimony that the firearm found at the scene was operable and had a clip and bullets, and failing to counter the state's response to his objection concerning testimony about an Ohio Bureau of Criminal Investigation ("BCI") report with evidence that the BCI employee had been timely subpoenaed.

{¶15} In December 2015, McDougald filed a motion for leave to file a motion for new trial. He claimed that the state withheld a drug task force report that contained strong exculpatory evidence and that the report proved that the state presented false and perjured testimony at trial.

{¶16} After the state responded, the trial court denied the petition and the motion, and this appeal ensued.

## II. ASSIGNMENTS OF ERROR

**{¶17}** McDougald assigns the following errors for our review:

1. Defendant was prejudiced by trial counsel's failure to conduct independent investigation to rebut state's theory of prior acts of the defendant or ask for a mistrial prejudicing defendant's trial.

2. Defendant was prejudiced by trial counsel's failure to conduct independ[e]nt investigation and failed to present that the prosecutor knowingly used false and fabricated testimony concerning the gun in violation of defendant[']s due process prejudicing defendant[']s trial.

3. Defendant was prejudiced by trial counsel[']s failure to conduct independent investigation and failed to present that the state knowingly used false and fabricated evidence in violation of defendant's due process rights and prejudicing defendant's trial.

4. Defendant was prejudiced by trial counsel's failure to conduct independent investigation and failed to present that the arresting officer[']s conduct in admitting and establishing the op[]erability of the f[i]rearm violat[ed] defendant's due process rights and also evidence [rule] 702-703.

5. Defendant was prejudiced by trial counsel's failure to raise that BCI tech was subpoenaed within the 7 day requirement pursuant to R.C. 2925.51(C) prejudicing defendant's 6th amendment rights to confrontation. Trial attorney was ineffective in this regard.

### III. STANDARD OF REVIEW

**{¶18}** McDougald's assignments of error contest the trial court's denial of his fifth petition for postconviction relief.

**{¶19}** The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Postconviction relief is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *Id*. It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 18.

**{¶20}** "[A] trial court's decision granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *In re H. V.,* 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173, ¶ 8.

## IV. LAW AND ANALYSIS

### A.  Fifth Petition for Postconviction Relief

**{¶21}** In his five assignments of error McDougald asserts that his trial counsel was ineffective for failing to investigate his case and failing to take certain actions during his jury trial.

**{¶22}** R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed "no later than three hundred sixty-five days after the expiration of the time for filing the appeal." McDougald's fifth petition for postconviction relief was filed over eight years after the expiration of time for filing an appeal from his convictions and sentence so it was untimely. *See, e.g., State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 15.

**{¶23}** R.C. 2953.23(A)(1) authorizes a trial court to address the merits of an untimely filed petition for postconviction relief only if:  (1) the petitioner shows either that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to him; and (2) the petitioner shows by

clear and convincing evidence that no reasonable factfinder would have found him guilty but for constitutional error at trial.

**{¶24}** McDougald does not contend that the United States Supreme Court recognized a new right that applied retroactively to him, so he had to prove that he was unavoidably prevented from the discovery of the facts upon which he relied to present his ineffective-assistance-of-counsel claim. "A defendant is 'unavoidably prevented' from the discovery of facts if he had no knowledge of the existence of those facts and could not have, in the exercise of reasonable diligence, learned of their existence within the time specified for filing his petition for postconviction relief." *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-Ohio-3106, ¶ 19, citing *State v. Holnapy*, 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, ¶ 32, and *State v. Roark*, 10th Dist. Franklin No. 15AP-142, 2015-Ohio-3206, ¶ 11.

**{¶25}** The only "new" evidence cited by McDougald in his petition for postconviction relief consisted of an excerpt from the arresting officer's preliminary hearing testimony, a subpoena issued to a BCI employee, and a CD of Kendra White's police interview following her arrest. He does not explain how either he or his appellate counsel were unavoidably prevented from having access to this evidence at the time he filed his direct appeal. Nor does he indicate how he was unavoidably prevented from discovering them before he filed any of his previous four petitions for postconviction relief. "Moreover, '[t]he fact that appellant raises claims of ineffective assistance of counsel suggests that the bases for his claims could have been uncovered if "reasonable diligence" had been exercised.' " *Cunningham*, 2016-Ohio-3106, at ¶ 22, quoting *State v. Creech*, 4th Dist. Scioto No. 12CA3500, 2013-Ohio-3791, ¶ 18.

Therefore, McDougald did not establish that the trial court possessed the authority to address the merits of his untimely fifth petition for postconviction relief.

{¶26} Furthermore, res judicata barred his successive petition because he could have raised his claims of ineffective assistance of trial counsel on direct appeal, when he was represented by different counsel, or in one of his earlier petitions for postconviction relief. *See State v. Griffin*, 9th Dist. Lorain No. 14CA010680, 2016-Ohio-2988, ¶ 12, citing *State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus ("When the issue of competent trial counsel could have been determined on direct appeal without resort to evidence outside the record, *res judicata* is a proper basis to dismiss a petition for postconviction relief"); *Heid*, 2016-Ohio-2756, at ¶ 18 (res judicata barred petitioner from raising ineffective-assistance claim that he raised or could have raised in prior petitions for postconviction relief); *State v. Edwards*, 4th Dist. Ross No. 14CA3474, 2015-Ohio-3039, ¶ 10 ("claims of ineffective assistance of trial counsel are barred from being raised on postconviction relief by the doctrine of res judicata"). This is not a case where the exception to the general rule of res judicata applies, i.e., this is not a case where the defendant was represented by the same counsel at both the trial and on direct appeal. *See State v. Ulmer*, 4th Dist. Scioto No. 15CA3708, 2016-Ohio-2873, ¶ 15.

{¶27} Therefore, the trial court did not act in an unreasonable, arbitrary, or unconscionable manner by denying McDougald's fifth petition for postconviction relief. We overrule his assignments of error.

B. Motion for Leave to File Motion for New Trial

**{¶28}** McDougald also argues that the trial court erred by denying his motion for leave to file a motion for new trial.  But he failed to assign any error regarding the court's decision, and we thus need not address his arguments.  *See State v. Owens*, 2016-Ohio-176, __ N.E.3d __, ¶ 59 (4th Dist.), quoting *State v. Nguyen*, 4th Dist. Athens No. 14CA42, 2015–Ohio–4414, ¶ 41 (" 'we need not address this contention because we review assignments of error and not mere arguments' ").

**{¶29}** In addition, even if we exercised our discretion and treated McDougald's "issues presented for review" as assignments of error, they would lack merit.  The trial court did not abuse its considerable discretion by denying McDougald's motion, which was based on his claim that the state withheld a drug task force report. McDougald did not establish by clear and convincing evidence that he was unavoidably prevented from discovering the report long before he filed his motion for leave over eight years after the verdict in his jury trial.  *See State v. N.D.C.*, 10th Dist. Franklin No. 15AP-63, 2015-Ohio-3643, ¶ 13.  Moreover, we held in McDougald's appeal from the denial of his fourth and fifth petitions for postconviction relief that the drug task force report did not establish that the state's case was false because "[t]he report would merely have been cumulative to the other evidence admitted at trial" and it "did not constitute material, exculpatory evidence that the state improperly withheld from McDougald." *McDougald*, 2015-Ohio-5590, at ¶ 24.

### V. CONCLUSION

**{¶30}** Having overruled McDougald's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
        William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**