[Cite as *State v. McManaway*, 2016-Ohio-7470.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 16CA8 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| JAMES MCMANAWAY, | : | RELEASED: 10/24/16 |
| Defendant-Appellant. | : | |

APPEARANCES:

Ryan Shepler, Kernen & Shepler, Logan, Ohio, for appellant.

Kyle Henderson, Hocking County Prosecuting Attorney, and William L. Archer, Jr., Hocking County Assistant Prosecuting Attorney, for appellee.

Harsha, J.

{¶1}   James McManaway appeals the judgment denying his motion to correct his sentence.  However, his counsel advises us that he has reviewed the record and can discern no meritorious claims for appeal.  Counsel moved for leave to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and McManaway filed a pro se brief.  After independently reviewing the record and considering McManaway's arguments, we agree with counsel's assessment.  We conclude that to the extent McManaway's motion raised constitutional issues, it should have been considered to be a time-barred petition for postconviction relief that the trial court lacked jurisdiction to consider.  And to the extent his motion raised nonconstitutional issues, res judicata barred it.  Therefore, we find that this appeal is wholly frivolous and grant the motion for leave to withdraw. And we affirm the judgment of the trial court as modified to reflect the dismissal of McManaway's motion insofar as it could be construed to be a petition for postconviction relief.

## I. FACTS

**{¶2}** The Hocking County Grand Jury returned an indictment charging

McManaway with 38 counts relating to the possession and distribution of child

pornography.  After the Hocking County Court of Common Pleas denied McManaway's

motion to suppress, in return for the dismissal of the remaining charges, he pleaded

guilty to two counts of disseminating matter harmful to juveniles with forfeiture

specifications and four counts of pandering obscenity involving a minor with forfeiture

specifications.  He was represented by counsel during these proceedings.  In May 2014,

the trial court sentenced McManaway to an aggregate prison term of eight years,

classified him as a Tier II sex offender, and ordered him to pay court costs.

**{¶3}** McManaway failed to timely appeal his convictions and sentence.

Instead, nearly two years after he was sentenced, in March 2016, he filed a "motion to

correct sentence" and a memorandum in support.  He argued that the trial court erred in

sentencing him to maximum consecutive sentences, failing to consider his ability to pay

court costs, and failing to merge his sentences.  He claimed that his constitutional and

statutory rights were violated and that he was denied the effective assistance of

counsel.  The trial court met with McManaway's trial counsel and the prosecuting

attorney and reviewed the videotape of the sentencing hearing.  The court denied the

motion on the merits after determining that consecutive sentences were warranted and

that the offenses did not merge as a matter of law.

## II. MOTION TO WITHDRAW

## AND *ANDERS* BRIEF

{¶4} Although McManaway appealed the denial of his motion to correct sentence and was appointed counsel to do so, his appellate counsel filed a motion for leave to withdraw and an *Anders* brief. In *State v. Lester*, 4th Dist. Vinton No. 12CA689, 2013-Ohio-2485, ¶ 3, we discussed the pertinent *Anders* requirements:

> In *Anders*, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Anders* at 744. The client should be furnished with a copy of the brief and given time to raise any matters the client chooses. *Id*. Once these requirements are met, we must fully examine the proceedings below to determine if an arguably meritorious issue exists. *Id*. If so, we must appoint new counsel and decide the merits of the appeal. *Id*. If we find the appeal frivolous, we may grant the request to withdraw and dismiss the appeal without violating federal constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id*.

{¶5} McManaway's counsel complied with these requirements by filing a motion for leave to withdraw and furnishing McManaway with a copy of the brief in sufficient time for McManaway to file an additional pro se brief.[1]

### III. ASSIGNMENTS OF ERROR

{¶6} In McManaway's counsel's brief, he assigns the following potential error:

THE COURT ERRED IN DENYING HIS MOTION TO CORRECT SENTENCE.

{¶7} In his pro se brief, McManaway assigns the following errors:

I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN SENTENCING APPELLANT TO AMBIGUOUS TERMS.

II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO MERGE APPELLANT'S SENTENCE.

---

[1] McManaway's appellate counsel also attempted to file a motion for delayed appeal from the May 2014 conviction and sentence to raise the claims raised in the pro se motion to correct sentence, but we denied that motion because he cited no basis for the nearly two-year delay for the appeal. *State v. McManaway*, 4th Dist. Hocking No. 16CA10 (May 11, 2016).

III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO IMPOSE A CONCURRENT SENTENCE.

IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN IMPOSING FINANCIAL SANCTIONS.

V. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT.

## IV. LAW AND ANALYSIS

**{¶8}** McManaway's assignments of error collectively challenge the trial court's denial of his postconviction motion to correct his sentence.

**{¶9}** " 'Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.' " *State v. Burkes*, 4th Dist. Scioto No. 13CA3582, 2014-Ohio-3311, ¶ 11, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. In *State v. Reynolds*, 79 Ohio St.3d 158, 160, 773 N.E.2d 1131 (1997), the Supreme Court of Ohio held that a motion styled as a "Motion to Correct or Vacate Sentence" met the definition of a petition for postconviction relief pursuant to R.C. 2953.21(A)(1) because it was "(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *See also Schlee* at ¶ 12.

**{¶10}** Similarly, McManaway's motion met the definition of a petition for postconviction relief for his constitutional claims because it was filed after the time for his direct appeal expired, claimed in part a denial of his constitutional rights, sought to render the judgment void, and asked for vacation of his conviction and sentence. Therefore, McManaway's postconviction motion is properly considered a petition for

postconviction relief insofar as it raised constitutional claims. *Reynolds* at 160; *Schlee* at ¶ 12; *see also State v. Waulk*, 4th Dist. Ross No. 15CA3501, 2016-Ohio-5018, ¶ 6-7.

{¶11} Effective March 23, 2015, R.C. 2953.21(A)(2) was amended to extend the period to file postconviction relief petitions from 180 days to 365 days following the expiration of the time for filing the appeal. *See State v. Heid*, 4th Dist. Scioto No. 14CA3655, 2015-Ohio-1467, fn. 1. Courts that have addressed the issue have determined that the date of the triggering event is the filing of the postconviction petition, which determines the applicable version of the statute. *State v. Thomas*, 8th Dist. Cuyahoga No. 103784, 2016-Ohio-3327, ¶ 9, citing *State v. Worthington*, 12th Dist. Brown No. CA2014-12-022, 2015-Ohio-3173, ¶ 43, fn. 4. Based on this precedent, the 365-day period in the amended version of R.C. 2953.21(A)(2) would be applicable because McManaway filed his postconviction motion in March 2016. Under either version of the statute, McManaway's motion to correct sentence was untimely because it was filed about 22 months after the deadline to appeal his May 2014 sentence had expired. *See State v. Jennison*, 5th Dist. Coshocton No. 2015-CA-0003, 2015-Ohio-3204, ¶ 8 (determining that a postconviction motion was untimely under either version of the statute).

{¶12} R.C. 2953.23(A)(1) authorizes a trial court to address the merits of an untimely filed petition for postconviction relief only if: (1) the petitioner shows either that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to him; and (2) the petitioner shows by clear and convincing evidence that no reasonable factfinder would have found him guilty

but for constitutional error at trial.  *See State v. McDougald*, 4th Dist. Scioto No. 16CA3736, 2016-Ohio-5080, ¶ 23.

**{¶13}**  McManaway does not contend that the United States Supreme Court recognized a new right that applied retroactively to him, so he had to prove that he was unavoidably prevented from the discovery of the facts upon which he relied to present his claims.  *McDougald* at ¶ 24.  " 'A defendant is 'unavoidably prevented' from the discovery of facts if he had no knowledge of the existence of those facts and could not have, in the exercise of reasonable diligence, learned of their existence within the time specified for filing his petition for postconviction relief.' "  *Id.* quoting *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-Ohio-3106, ¶ 19.

**{¶14}**  In his motion McManaway did not cite any new evidence that he had been unavoidably prevented from discovering before the period to file a timely petition for postconviction relief had elapsed.  "Moreover, '[t]he fact that appellant raises claims of ineffective assistance of counsel suggests that the bases for his claims could have been uncovered if "reasonable diligence" had been exercised.' "  *Cunningham*, 2016-Ohio-3106, at ¶ 22, quoting *State v. Creech*, 4th Dist. Scioto No. 12CA3500, 2013-Ohio-3791, ¶ 18; *McDougald*, 2016-Ohio-5080, at ¶ 25.

**{¶15}**  Therefore, McManaway failed to establish that the trial court possessed the authority to address the merits of his untimely petition for postconviction relief for his constitutional claims.

**{¶16}**  Nevertheless, because McManaway's motion constituted an untimely filed petition for postconviction relief, the trial court technically erred in denying the motion on the merits because it lacked jurisdiction to do so.  *See, e.g., State v. Burkes*, 4th Dist.

Scioto No. 13CA3582, 2014-Ohio-3311, ¶ 18.  But because this error did not ultimately prejudice McManaway for his constitutional claims—he still would not have prevailed on them because he failed to timely assert them—it does not make his appeal meritorious.

**{¶17}**  Moreover, to the extent that McManaway's motion raised nonconstitutional claims, res judicata barred him from raising these claims because he could have raised them in a timely direct appeal.  *See, e.g., State v. Wofford*, 5th Dist. Stark No. 2016CA800087, 2016-Ohio-4628, ¶ 21 (res judicata barred defendant's claim in a postconviction motion that the sentencing court erred in imposing consecutive sentences); *State v. Knowles*, 10th Dist. Franklin No. 15AP-991, 2016-Ohio-2859, ¶ 14 (res judicata barred claims in postconviction motion challenging failure to merge allied offenses and imposition of consecutive sentences); *State v. Evearitt*, 6th Dist. Lucas No. L-14-1010, 2014-Ohio-1995, ¶ 11, citing *State v. Slocum*, 6th Dist. Wood No. WD–10–069, 2011-Ohio-2442, ¶ 10 (res judicata barred defendant from contesting imposition of court costs in postconviction motion when he could have raised the issue in a timely appeal).

**{¶18}**  Therefore, we overrule McManaway's assignments of errors because they have no arguable merit.  In addition, upon independently reviewing the record, we can discern no arguably meritorious issue.

## V. CONCLUSION

**{¶19}**  We agree with McManaway's counsel that the assignments of error and appeal are meritless and grant counsel's motion to withdraw.  The trial court correctly denied his motion to correct sentence insofar as he raised nonconstitutional claims because they were barred by res judicata.  And insofar as his motion raised

constitutional claims, it constituted a time-barred petition for postconviction relief that the

trial court lacked jurisdiction to consider.  Upon authority of App.R. 12(A)(1)(a), we

modify the judgment appealed to reflect the dismissal of the petition/motion for these

constitutional claims, and we affirm the judgment of the trial court as modified.  *See*

*generally State v. Brewer*, 2d Dist. Montgomery No. 24910, 2012-Ohio-5406, ¶ 10;

*State v. Griffin*, 1st Dist. Hamilton Nos. C-150258 and 150005, 2016-Ohio-782, ¶ 13.

JUDGMENT AFFIRMED

AS MODIFIED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED AS MODIFIED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgement and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**